# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SYNOLOGY INC., § <br> § <br> *Defend*ant. § <br> § <br> § | Civil Action No. 4:20-cv-00907-ALM <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT SYNOLOGY INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant Synology Inc. ("Synology"), by and through its undersigned counsel, hereby responds to the First Amended Complaint ("Amended Complaint" or "FAC") of American Patents LLC ("American Patents") in this action. Synology denies all allegations of the FAC that are not expressly admitted herein. Each paragraph of this Answer corresponds to the same-numbered paragraph in the Complaint.

## PARTIES

1. Synology lacks knowledge and/or information sufficient to form a belief as to the truth of the allegation in paragraph 1 and therefore denies it on that basis.

2. Denied.

3. Synology lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and therefore denies the same.

4. Denied.

5. Synology denies the allegation in paragraph 5 of the Amended Complaint.

6. Synology denies the allegation in paragraph 6 of the Amended Complaint.

1

## JURISDICTION AND VENUE

7. Synology admits that the Amended Complaint purports to initiate an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284–85. Synology admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 over claims for patent infringement. Synology denies it has committed any act that would give rise to any cause of action in the Amended Complaint.

8. Paragraph 8 is a legal conclusion to which no response is required. To the extent a response is deemed required, Synology states that for the purpose of this lawsuit only, Synology does not contest personal jurisdiction of this Court over Synology. Synology denies that it has committed any act in this judicial district or elsewhere that would give rise to any cause of action asserted in the Amended Complaint. Synology denies the remaining allegations in this paragraph of the Amended Complaint.

9. Paragraph 9 is a legal conclusion to which no response is required. To the extent a response is deemed required, Synology does not contest the propriety of venue at this time and for this action only, but does not waive the right to contest the propriety of venue in another action, or to seek transfer to a more convenient forum later in this or another action. Synology denies the remaining allegations in this paragraph of the Amended Complaint.

## BACKGROUND

10. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint and therefore denies the same.

11. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint and therefore denies the same.

12. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Amended Complaint and therefore denies the same.

13. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint and therefore denies the same.

14. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint and therefore denies the same.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,088,782

15. Synology admits that, on its face, U.S. Patent No. 7,088,782 ("the '782 patent") is titled "Time and Frequency Synchronization in Multi-Input, Multi-Output (MIMO) Systems," and identifies an issue date of August 8, 2006. Synology is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Amended Complaint and therefore denies the same.

16. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint and therefore denies the same.

17. Synology admits it has used certain Synology products. Synology denies the remaining allegations in paragraph 17 of the Amended Complaint.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Synology admits it first learned of the '782 patent as of the date Synology received a copy of Plaintiff's Original Complaint in this matter. Synology denies the remaining allegations in paragraph 26 of the Amended Complaint.

27. Denied.

28. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Amended Complaint and therefore denies the same.

## COUNT II

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,310,304

29. Synology admits that, on its face, U.S. Patent No. 7,310,304 ("the '304 patent") is titled "Estimating Channel Parameters in Multi-Input, Multi-Output (MIMO) Systems," and identifies an issue date of December 18, 2007. Synology is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Amended Complaint and therefore denies the same.

30. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Amended Complaint and therefore denies the same.

31. Synology admits it has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale certain Synology products. Synology denies the remaining allegations in paragraph 31 of the Amended Complaint.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Synology admits it first learned of the '304 patent as of the date Synology received a copy of Plaintiff's Original Complaint in this matter. Synology denies the remaining allegations in paragraph 38 of the Amended Complaint.

39. Denied.

40. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Amended Complaint and therefore denies the same.

## COUNT III

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,706,458

41. Synology admits that, on its face, U.S. Patent No. 7,706,458 ("the '458 patent") is titled "Time And Frequency Synchronization In Multi-Input, Multi-Output (MIMO) Systems," and identifies an issue date of April 27, 2010. Synology is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Amended Complaint and therefore denies the same.

42. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Amended Complaint and therefore denies the same.

43. Synology admits it has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale certain Synology products. Synology denies the remaining allegations in paragraph 43 of the Amended Complaint.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Synology admits it first learned of the '458 patent as of the date Synology received a copy of Plaintiff's Original Complaint in this matter. Synology denies the remaining allegations in paragraph 53 of the Amended Complaint.

54. Denied.

55. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Amended Complaint and therefore denies the same.

## COUNT IV

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,847,803

56. Synology admits that, on its face, U.S. Patent No. 6,847,803 ("the '803 patent") is entitled "Method for Reducing Interference in a Receiver", and identifies an issue date of January 25, 2005. Synology is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 of the Amended Complaint and therefore denies the same.

57. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Amended Complaint and therefore denies the same.

58. Synology admits it has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale certain Synology products. Synology denies the remaining allegations in paragraph 58 of the Amended Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Synology is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Amended Complaint and therefore denies the same.

## ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT

65. Synology admits that the Amended Complaint purports to accuse of infringement the products identified in paragraph 65 of the Amended Complaint, but denies the Amended Complaint's allegations of infringement.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. This paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary. To the extent a response is necessary, Synology admits that certain

Synology products are sold in the United States.  Synology denies the remaining allegations in this paragraph of the Amended Complaint.

74. This paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary.  To the extent a response is necessary, Synology admits that certain Synology products are sold in the United States.  Synology denies the remaining allegations in paragraph 74 of the Amended Complaint.

75. This paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary.  To the extent a response is necessary, Synology admits that Synology America Corp. is an affiliate.  Synology denies the remaining allegations in paragraph 75 of the Amended Complaint.

76. This paragraph of the Amended Complaint sets out a legal conclusion to which no response is necessary.  To the extent a response is necessary, Synology admits that certain Synology products are available for the purchase in the United States.  Synology denies the remaining allegations in paragraph 76 of the Amended Complaint.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Synology admits it became aware of the asserted patents when it received a copy of the original Complaint. Synology denies any remaining allegations of paragraph 89 of the Amended Complaint.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## CLARIFICATION REGARDING PATENT EXPIRATION

94. This paragraph of the Amended Complaint does not set forth an allegation that requires an admission or denial. To the extent a response is necessary, Synology denies the allegations in this paragraph of the Amended Complaint.

## JURY DEMAND

No response to American Patent's jury demand is required. Synology requests a jury on all defenses entitled to be decided by a jury.

## PRAYER FOR RELIEF

Synology denies American Patents is entitled to any of the relief requested in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSE

Subject to the responses above, Synology alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed

affirmative by law.  In addition to the defenses described below, Synology specifically reserves all rights to assert additional defenses as additional information becomes available.  Furthermore, Synology incorporates by reference each of its answers in the foregoing paragraphs as if fully set forth herein.

## FIRST DEFENSE

## (Failure to State a Claim)

95. Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted against Synology.

## SECOND DEFENSE

## (No Infringement)

96. Synology has not and does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, any valid and enforceable claim of the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent.

## THIRD DEFENSE

## (Invalidity)

97. Each asserted claim of the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH DEFENSE

## (Prosecution History Estoppel)

98. By reason of statements, representations, admissions, concessions, arguments, and/or amendments made by and/or on behalf of the applicants to the United States Patent and Trademark Office during the prosecution of the patent application or applications that led to the

issuance of the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent, Plaintiff's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer, because none of the claims can be properly construed as covering any Synology product, service, or activity.

## FIFTH DEFENSE

### (Limitation on Damages)

99. Upon information and belief, neither Plaintiff, any of its predecessors, nor any licensee marks or ever marked any products with the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent.

100. Prior to filing suit, Plaintiff never provided Synology with any notice of Synology's alleged infringement of the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent.

101. Pursuant to 35 U.S.C. § 287, Plaintiff's damages, if any, are limited to the filing of the Complaint through patent expiration.

102. Plaintiff's claim for damages is also limited by the provisions of 35 U.S.C. § 286.

## SIXTH DEFENSE

### (Breach of FRAND Licensing Commitment)

103. The relief sought by Plaintiff in connection with the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent is limited or barred, in whole or in part, to the extent that (1) the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent were improperly left undeclared to ETSI by the BAE Systems member of ETSI in violation of ETSI's IPR Policy, and (2) such violation of the ETSI IPR Policy encumbers the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent with an obligation requiring successors-in-interest, including Plaintiff, to license such patents on fair, reasonable, and non-discriminatory ("FRAND") licensing

terms, and (3) the alleged inventions described in and allegedly covered by the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent are used, manufactured, sold, offered for sale, or imported by or for Synology.  In particular, (i) the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent are unenforceable against Synology on account of BAE Systems breach of its contractual commitment to declare the same to ETSI under ETSI's IPR Policy; (ii) the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent are unenforceable against Synology on account of Plaintiff's failure to make any good faith attempt to negotiate with Synology to offer Synology a license on FRAND terms before seeking to enjoin or recover damages for such patents in the present suit; and (iii) in the alternative, Synology has the irrevocable right to be licensed on FRAND terms under the '782 patent, the '304 patent, the '458 patent, and/or the '803 patent.

## **SEVENTH DEFENSE**

## **(No Costs)**

104. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## **EIGHTH DEFENSE**

## **(Equitable Defenses)**

105. One or more of Plaintiff's claims are barred by one or more of the equitable doctrines of estoppel, waiver, and/or unclean hands.

## NINTH DEFENSE

## (License, Exhaustion)

106. To the extent that any of Synology's suppliers have a license under the Asserted Patents, the relief sought by Plaintiff in relation to the Asserted Patents is barred by license and/or under the doctrine of patent exhaustion.

## RESERVATION OF RIGHTS

Synology reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other rules or orders, at law or in equity, which may now exist or in the future be available based on discovery. Synology reserves its rights to amend should it learn of additional defenses.

## COUNTERCLAIMS

A. Synology counterclaims against American Patents as follows:

## PARTIES

B. Synology is a company organized and existing under the laws of Taiwan having a place of business at 9F., No.1, Yuandong Rd., Banqiao Dist., New Taipei City Taiwan.

C. Upon information and belief, American Patents is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 2325 Oak Alley, Tyler, Texas, 75703.

## JURISDICTION AND VENUE

D. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

E.  This Court has personal jurisdiction over American Patents by virtue of American Patents' filing and pursuit of the First Amended Complaint in this District.

F.  These counterclaims arise under the patent laws of the United States. Venue is proper in this District because American Patents has voluntarily appeared and consented to this venue by filing its patent infringement claims here.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement)**

G.  Synology incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

H.  American Patents has alleged in this action that Synology has been and currently is infringing the '782 patent, and that this patent is valid.

I.  Synology has not infringed and is not infringing the '782 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

J.  There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '782 patent.

K.  A judicial declaration concerning these matters is necessary and appropriate at this time so that Synology can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity)**

L.  Synology incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

M. American Patents has alleged in this action that Synology has been and currently is infringing the '782 patent, and that this patent is valid.

N. However, the claims of the '782 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

O. There accordingly is an actual, immediate, and justiciable controversy between the parties.

P. A judicial declaration concerning these matters is necessary and appropriate at this time so that Synology can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

### THIRD COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement)**

Q. Synology incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

R. American Patents has alleged in this action that Synology has been and currently is infringing the '304 patent, and that this patent is valid.

S. Synology has not infringed and is not infringing the '304 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

T. There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '304 patent.

U. A judicial declaration concerning these matters is necessary and appropriate at this time so that Synology can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

V. Synology incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

W. American Patents has alleged in this action that Synology has been and currently is infringing the '304 patent, and that this patent is valid.

X. However, the claims of the '304 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

Y. There accordingly is an actual, immediate, and justiciable controversy between the parties.

Z. A judicial declaration concerning these matters is necessary and appropriate at this time so that Synology can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

AA. Synology incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

BB. American Patents has alleged in this action that Synology has been and currently is infringing the '458 patent, and that this patent is valid.

CC. Synology has not infringed and is not infringing the '458 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

DD. There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '458 patent.

EE. A judicial declaration concerning these matters is necessary and appropriate at this time so that Synology can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

### SIXTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity)**

FF. Synology incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

GG. American Patents has alleged in this action that Synology has been and currently is infringing the '458 patent, and that this patent is valid.

HH. However, the claims of the '458 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

II. There accordingly is an actual, immediate, and justiciable controversy between the parties.

JJ. A judicial declaration concerning these matters is necessary and appropriate at this time so that Synology can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

### SEVENTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement)**

KK. Synology incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

LL. American Patents has alleged in this action that Synology has been and currently is infringing the '803 patent, and that this patent is valid.

MM. Synology has not infringed and is not infringing the '803 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

NN. There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '803 patent.

OO. A judicial declaration concerning these matters is necessary and appropriate at this time so that Synology can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## EIGHTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity)**

PP. Synology incorporates by reference the allegations set forth in all of the preceding paragraphs as if set forth herein in their entirety.

QQ. American Patents has alleged in this action that Synology has been and currently is infringing the '803 patent, and that this patent is valid.

RR. However, the claims of the '803 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

SS. There accordingly is an actual, immediate, and justiciable controversy between the parties.

TT. A judicial declaration concerning these matters is necessary and appropriate at this time so that Synology can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## **PRAYER FOR RELIEF**

WHEREFORE, Synology prays for the following relief and judgment:

1. That American Patents take nothing by way of its First Amended Complaint and the same be dismissed with prejudice;

2. That Synology has not infringed and does not infringe any valid and enforceable claim of U.S. Patent Nos. 7,088,782; 7,310,304; 7,706,458; and 6,847,803;

3. That the claims of U.S. Patent Nos. 7,088,782; 7,310,304; 7,706,458; and 6,847,803 are invalid;

4. That all damages, costs, expenses, attorneys' fees, pre-judgment and/or post-judgment interest, and other relief sought by American Patents be denied;

5. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees and costs incurred in this action be awarded to Synology; and that the Court award Synology all other relief the Court deems just and proper.

## **JURY DEMAND**

Synology requests a trial by jury on all claims and defenses properly decided by a jury.

| | |
|---|---|
| Dated: June 3, 2021 | Respectfully submitted, |

/s/ *Matthew C. Bernstein*
Matthew C. Bernstein
Lead Attorney
CA State Bar No. 199240
MBernstein@perkinscoie.com
Abigail Gardner (*Pro Hac Vice*)
CA State Bar No. 334598
AGardner@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Jennifer Parker Ainsworth
TX State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5091

*Attorneys for Defendant*
Synology Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 3, 2021, a true and correct copy of the above document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

/s/ *Matthew C. Bernstein*
Matthew C. Bernstein
